Mims *et al. vs.* Wight.

1. In a proceeding to foreclose a mortgage on realty, executed by a married woman to secure notes made by her, any interest which her children might have in the property as a homestead estate could not be affected; and if they became parties to the suit and filed a plea setting up such claim of interest, it constituted no legal obstacle to the foreclosure of the mortgage, and was properly stricken on demurrer.

2. Where the mortgagor received a deed from the mortgagee, gave him certain notes, and executed the mortgage to secure them, she was estopped thereby from denying that she had the title to the land when she executed the mortgage. If there was any interest in the property as a homestead, it was not involved in the foreclosure; and a plea by her, setting out a claim of such interest, was properly stricken on demurrer.

February 8, 1887.

Homestead. Parties. Mortgage. Estoppel. Before Judge SIMMONS. Decatur Superior Court. November Term, 1885.

Reported in the decision.

D. A. RUSSELL : McGILL & O'NEAL, for plaintiffs in error.

O. G. GURLEY; J. H. LUMPKIN, for defendant.

BLANDFORD, Justice.

Wight instituted a proceeding to foreclose a mortgage upon certain lands, which had been executed and delivered to him by Mrs. Margaret A. Mims to secure certain notes held by Wight against her. Minnie Mims and others, the children of Margaret, appeared and filed a plea to this foreclosure, in which they alleged that, in 1872, their father, W. R. Mims, applied to the ordinary and had set apart as a homestead the said land in said mortgage mentioned, and they were the beneficiaries in said homestead estate; that afterwards their father and mother borrowed from one Trulock $300, and they executed a deed to Trulock to secure the notes given for this money; that Trulock transferred the title and the note to George A. Wight; that Wight entered on this deed a memorandum that he was to make W. R. Mims and Margaret A. Mims a bond for title to this land; that after this, there were certain *fi. fas.* issued upon judgments founded on claims against W. R. Mims, which existed prior to the constitution of 1868; that said Mims entered into a contract with McGill & O'Neal and Babbitt & Warfield, that the lands mentioned were to be sold under said execution, and they were to purchase the same; that he afterwards borrowed from George A. Wight $450, in order to pay McGill & O'Neal and Babbitt & Warfield the money which they had thus paid in order to protect the homestead estate, and consented that McGill & O'Neal and Babbitt & Warfield should convey to George A. Wight the said lands; that Mims became indebted to George A. Wight in another sum of money, about $1,500; that he paid Wight out of the proceeds of the homestead estate

the money which he had borrowed from him to pay to McGill & O'Neal and Babbitt & Warfield; and that Wight then induced Mrs. Margaret A. Mims to give her notes to him for the money which W. R. Mims had become indebted to him, and in consideration thereof, he made a deed of conveyance of the land to Margaret A. Mims, and took from her the mortgage in question to secure the notes thus given. This plea was demurred to; the court sustained the demurrer and dismissed the same. Mrs. Margaret A. Mims then filed substantially the same plea to the foreclosure, without offering to rescind the contract between herself and Wight. This plea also was demurred to, and the court sustained the demurrer to the same and dismissed her plea, and this is excepted to; and these are the two errors which are assigned and insisted on by the plaintiff in error in this case.

1. The children of Mims could not be affected, as to any interest which they had in the homestead estate, by proceedings to foreclose the mortgage in favor of Wight against their mother, and their plea constituted no legal obstacle to the foreclosure of said mortgage. So we think that the court did right in sustaining the demurrer to this plea and dismissing the same.

2. The plea which was filed by Mrs. Mims being in effect the same as that filed by her children, she not offering to rescind the contract, but holding to the deed of conveyance made by Wight to her, she was not in a condition to dispute the foreclosure on the part of Wight of this mortgage. The reason stated in the plea constituted no legal defence, under the circumstances, to the foreclosure of the mortgage. Whatever rights she may have had in the homestead property, or her children, could not be affected by the foreclosure of this mortgage, and she was estopped by her mortgage from denying that she had the title to this land when she made the same. So we think that the court committed no error in striking this plea; and for these reasons, we affirm the judgment of the court in this case.