71359. MULKEY v. WAGGONER.
(338 SE2d 755)

BIRDSONG, Presiding Judge.

Directed Verdict — "As Is" Real Estate Contract. Mrs. Sheryl Waggoner purchased a house from Z. A. Mulkey. The sale was handled by Albert Mulkey d/b/a Mulkey Realty Co. A provision of the sales contract required the seller to deliver to the purchaser a termite certificate declaring the property free from termite infestation or damage. At the time of closing Z. A. Mulkey stated he did not have a certificate. Mrs. Waggoner refused to proceed with the closing at which time Mulkey promised to give her such a certificate to complete the transaction. The agent for Mulkey typed into the sales contract the words: "The sale is as is condition." Subsequent to the transfer of the house, Mrs. Waggoner discovered wood beetle damage. She also discovered that Z. A. Mulkey had hired an exterminator to treat an infestation over two years before the transfer. Mrs. Waggoner sued Z. A. Mulkey as seller, Albert Mulkey as agent, and the exterminating company for fraud in the inducement of the contract and affirmative and wilful nondisclosure of the insect damage. Prior to judgment by a jury, Mrs. Waggoner dismissed her complaint against the exterminator without prejudice. After verdict, Mrs. Waggoner settled the claim against Albert Mulkey. Thus, the only party pursuing the appeal is Z. A. Mulkey against whom the jury assessed general damages and punitive damages.

At the completion of Mrs. Waggoner's case-in-chief, Z. A. Mulkey moved for a directed verdict on the grounds that the insertion of the words "as is" in the sales contract removed any question of fraud from the case and required the trial court to rule on the case as a matter of law. The trial court declined to direct a verdict and the jury's verdict in favor of Mrs. Waggoner followed. After judgment, Mulkey moved for new trial and judgment notwithstanding the verdict on the same ground. It is the denial of the motion for directed verdict and j.n.o.v. that forms the basis of this appeal by Z. A. Mulkey. *Held:*

In his notice of appeal, Mulkey directed the court below to forward the entire record to this court but expressly directed that the transcript of the jury trial not be included nor forwarded to this court. Mulkey seeks to argue as a matter of law that an "as is" contract completely excludes alleged fraud as to the condition of the premises on grounds that the acceptance of a contract with an "as is" clause forces the purchaser to an absolute duty of inspection, i.e., an unassailable application of the legal principle of caveat emptor.

We are not persuaded that such is the state of the law. As was pointed out by this court in *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141), fraud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. Traditionally the rule of caveat emptor had applied and the sales contract merged into the warranty deed and foreclosed any right of remedy by the purchaser after the closing of the contract by transfer of the deed. See *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919). *Wilhite*, supra, changed the rule of caveat emptor and placed upon the builder-seller a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction. See also *Holmes*, supra.

Although there appear to be no cases directly concerned with the effect of an "as is" clause on the passive concealment liability arising out of the duty to disclose, we are satisfied that an "as is" clause concerns itself with obvious defects or at least those which are reasonably discernible. There is no evidence that the beetle damage could be seen or detected by observation. The legal concept of a sale "as is" is one applying principally to "goods." OCGA § 11-2-102. Had Mrs. Waggoner purchased the house unseen and accepted it with a patent defect easily exposed, the arguments of Mulkey may have had more validity. See generally *Club Mediterranee S. A. v. Stedry*, 159 Ga. App. 53, 55-56 (2) (283 SE2d 30); *American Food Svcs. v. Goldsmith*, 121 Ga. App. 686, 688 (175 SE2d 57).

The record shows somewhat obscurely that Mrs. Waggoner did not discover the insect damage until sometime after the transfer of the property and only after extensive remodeling had occurred. It would appear therefore that the record alone is sufficient to show actual knowledge by Mulkey of an apparently hidden defect and ignorance by Mrs. Waggoner until long after the property had been transferred. The "as is" provision thus would have no effect on the legal effect of the "actual fraud" involved in the sale of the property. See

*Rose Mill Homes v. Michel*, 155 Ga. App. 808 (273 SE2d 211).

More importantly, the resolution of the two enumerations raised by Mulkey required this court to have before it the facts presented to the jury to determine if there was evidence showing wilful concealment, active misrepresentation or passive concealment amounting to actual fraud. We cannot determine if any of these degrees of concealment existed so as to make appropriate resolution of the enumeration of errors. The choice to remove from the court the transcript was the deliberate choice of the appellant, Mulkey. It was the duty of Mulkey to provide this court with a copy of the transcript. In the absence of that evidentiary help, we will presume that the evidence authorized the verdict of the jury and the judgment of the court. *Cason v. Upson County Bd. of Health*, 227 Ga. 451 (181 SE2d 487); *Morris v. Hodge*, 152 Ga. App. 815 (264 SE2d 482). Stated otherwise, whenever the enumerations of error require a review of the evidence and a transcript is not included in the record on appeal, the enumerations will be deemed meritless and the judgment of the trial court affirmed. *Burleson v. Jordan*, 163 Ga. App. 496 (295 SE2d 335).

Because the impact of an "as is" clause on passive concealment has not been directly addressed heretofore, we deny the motion by appellee to assess a penalty for a frivolous appeal.

*Judgment affirmed. Pope, J., concurs. Sognier, J., concurs in the judgment only. Carley, J., disqualified.*

DECIDED DECEMBER 3, 1985 — ▮▮▮▮▮▮▮▮▮▮

*B. J. Roberts*, for appellant.
*Gene E. Massafra*, for appellee.