A90A0751. MILLER, STEVENSON & STEINICHEN, INC. v. MALLETT et al.
(395 SE2d 381)

BANKE, Presiding Judge.

The appellant contracted to provide certain engineering and consulting services to Fayette County in connection with the proposed construction of improvements to that county's water system. The county became dissatisfied with the appellant's performance under these contracts, and a meeting was held to discuss terminating the agreements. Following that meeting, the appellant executed two releases pursuant to which it was paid a total of approximately $205,000 in satisfaction of all claims arising from the contracts. The appellant nevertheless filed suit against the county approximately a year later seeking to recover damages for its alleged breach of the engineering service contract, asserting that the releases were invalid because they had been signed under duress. Named as additional defendants in this suit were the appellees herein, who had also contracted with the county to perform services in connection with the proposed improvements and who were alleged to have injured the appellant by tortiously interfering with its rights under its contracts with the county. This court subsequently affirmed a grant of summary judgment to the county on the breach of contract claim, holding that "[t]he evidence contained in the record creates no issue of fact as to whether the release is voidable but shows, as a matter of law, that the executed release constitutes an accord and satisfaction of the . . . contract." *Miller, Stevenson & Steinichen v. Fayette County*, 190 Ga. App. 777, 778 (380 SE2d 73) (1989). The appellees herein were subsequently

awarded summary judgment on the tortious interference claims, and the present appeal followed. *Held*:

In its brief filed in support of the present appeal, the appellant states that its claims against the appellees are based on allegations that they "tortiously interfered with the business contracts of the [appellant] with Fayette County, in that they deliberately failed to perform duties imposed upon them pursuant to the contract. . . ." We must agree with the appellees that such allegations state no claim for relief for tortious interference with contractual relations. " 'The *mere failure* of a party to a contract to carry out its terms will not give rise to a cause of action *ex delicto* in favor of a third person who has contracted with the opposite party to such contract, although in breaching the contract the party so failing may be charged with notice that the opposite party will not be able to perform its contract with such third person. . . .' " *First Mtg. Corp. of Va. v. Felker*, 158 Ga. App. 14, 15 (279 SE2d 451) (1981), quoting from *Wometco Theatres v. United Artists Corp.*, 53 Ga. App. 509, 513-14 (186 SE 572) (1936). Moreover, four of the county commissioners who held office at the time the appellant's contracts with the county were terminated submitted affidavits stating that the appellees had not advised, suggested or solicited the termination of those contracts; and the appellant has cited this court to no evidence of record which would tend to controvert those averments. We accordingly hold that the trial court did not err in granting summary judgment to the appellees on the tortious interference claims.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 25, 1990.

*Thomas J. McHugh, Jr.*, for appellant.
*McNally, Fox, Mahler & Cameron, Patrick J. Fox*, for appellees.