A91A0932. NEXUS SERVICES, INC. v. MANNING TRONICS, INC. et al.

(410 SE2d 810)

CARLEY, Presiding Judge.

The business relationship between appellant-plaintiff and appellee-defendants ultimately resulted in the filing of the instant multi-count lawsuit. Appellant appeals from the trial court's grant of summary judgment in favor of appellees as to two of the counts.

1. One count of appellant's complaint alleged that appellee-corporate president had tortiously interfered with contractual relations in that he "refused to cooperate with [appellant], refused to provide necessary technical support, and otherwise caused [appellee-corporation] to breach its contracts with [appellant]."

"Tortious interference with contractual relations is applicable only when the interference is done by one who is a stranger to the contract. [Cits.] All of the [omissions] of [appellee-corporate president] complained of by [appellant] were [of acts which could be required of him only in his capacity] as agent for a contracting party[, i.e., appellee-corporation,] and . . . within the scope of [his] duties as agent. [Cits.] Summary judgment on [this] count was not error. . . ." *Jet Air, Inc. v. Nat. Union Fire Ins. Co.*, 189 Ga. App. 399, 403-404 (4) (375 SE2d 873) (1988). See also *Miller, Stevenson & Steinichen, Inc. v. Mallett*, 196 Ga. App. 129, 130 (395 SE2d 381) (1990).

2. The other count of appellant's complaint had alleged that certain "statements of [appellees] constitute fraud in [the] inducement, for which fraud [appellant is] due actual and punitive damages, plus costs and attorney['s] fees."

In support of their motion as to this count, appellees introduced evidence that the parties had entered into a written contract on March 4, 1987 and that, in connection therewith, appellant had received products manufactured by appellee-corporation. The written contract contains a merger clause which provides "in essence that no representation, promise or inducement not included in the contract shall bind any party. [Cit.]" *Carpenter v. Curtis*, 196 Ga. App. 234, 236 (395 SE2d 653) (1990). Accordingly, unless appellant had effectively rescinded this contract by promptly returning or offering to return the products to appellee-corporation, it had no viable tort claim for such misrepresentations as had allegedly induced it into entering therein. "The presence of a merger clause in the underlying contract is determinative if the defrauded party has not rescinded but has elected to affirm the contract. . . . Critical to rescission is the tender of benefits, the prompt restoration or offer to restore whatever the complaining party received by virtue of the contract[.] [Cits.]" *Carpenter v. Curtis*, supra at 236-237.

In opposition to appellees' motion, appellant relied only upon the

complaint wherein it had alleged that it *"hereby* rescind[s] the contracts, and tender[s] back . . . all benefits and rights accruing to [it]. . . ." (Emphasis supplied.) However, this allegation of only a contemporaneous restoration is not sufficient to aver such a viable rescission of the written contract as would authorize appellant to recover. "We think that the rule requiring one who seeks the rescission of a contract on the ground of fraud to restore, or offer to restore, the consideration received, *as a condition precedent to bringing the action,* is settled in this State." (Emphasis supplied.) *Williams v. Fouche,* 157 Ga. 227, 228-229 (121 SE 217) (1924).

Appellees' evidence of the existence of a written contract containing a merger clause and of appellant's receipt of products in connection with that contract demonstrated that a prelitigation restoration or offer of restoration was essential to appellant's recovery and that appellant could not, therefore, recover under the facts as alleged in its complaint. In opposition, appellant relied only on its complaint and did not attempt to show that a genuine issue of material fact remained as to the viability of its claim. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56 (c). If appellant had a viable claim notwithstanding the pierced allegations of its complaint, the burden was upon it so to demonstrate. "[W]e do not cast upon the defendant-movant the burden of rebutting or disproving facts or theories which are not alleged, may not be fairly drawn from the allegations which are made, nor shown by any evidence in the record, in order to prevail on motion for summary judgment." *Baldwin County Hosp. Auth. v. Coney,* 188 Ga. App. 339, 341 (1) (373 SE2d 252) (1988).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 19, 1991.

*Walden G. Housman, Jr.,* for appellant.
*Robert G. Stephens, Jr.,* for appellees.

