A93A2106. OWENS v. UNION CITY CHRYSLER-PLYMOUTH, INC.
(436 SE2d 94)

BLACKBURN, Judge.

The appellant, Betty Owens, commenced this action against Union City Chrysler-Plymouth, Inc. (UCCP), alleging that a UCCP salesperson fraudulently induced her to purchase a used car by stating that the vehicle had never been wrecked, when in fact it had. In her original complaint, Owens sought $25,000 compensatory damages and $100,000 punitive damages, and in an amendment she also requested rescission of the sales contract. UCCP moved for summary judgment on the grounds that Owens' affirmance of the sales contract containing a merger clause defeated the claim. The trial court granted UCCP's motion, and this appeal followed.

On February 7, 1991, Owens and her sister visited UCCP's dealership to shop for a car. After determining that a new automobile was too expensive, Owens settled on a used 1990 Eagle Talon. Owens claims in this action that twice during the sale negotiations, the UCCP salesperson assured her that the car had never been wrecked.

The day after she purchased the car, Owens began to notice problems with it, and she was subsequently advised that the vehicle previously had been involved in a collision. Owens then met with UCCP's floor manager and discussed trading in the vehicle on a new car, but no deal was ever struck because Owens wanted to get a new Plymouth Laser for the same price as her used car. Owens inquired about the possibility of returning the car in exchange for the return of her purchase money and the automobile she traded in, but UCCP had already sold her old car. Owens and the floor manager further discussed UCCP refunding a portion of the purchase price to pay for necessary repairs on the car, but they were unable to reach an agreement on the amount.

Subsequently, Owens retained an attorney who demanded $2,500 as settlement of the matter in April 1991. This demand also advised UCCP of Owens' intention of filing suit to recover actual damages, punitive damages, and attorney fees, if the demand was not met within a certain deadline. UCCP did not comply with the demand, and Owens continued to use and maintain the car, and make monthly payments for the car. By January 1993, she had driven the car almost 40,000 miles.

The purchase agreement executed by Owens contained a merger clause providing that the written agreement constituted the entire agreement between the parties and was not subject to modification by verbal statements. Also, the installment contract regarding the financing of part of the purchase price provided that no representations had been made by UCCP unless endorsed in writing. Accordingly, unless Owens effectively rescinded the sales contract by promptly returning or offering to return the used automobile she purchased from UCCP after discovering the alleged fraud, she has no viable claim for the alleged misrepresentation. "The presence of a merger clause in the underlying contract is determinative if the defrauded party has not rescinded but has elected to affirm the contract." (Punctuation omitted.) *Nexus Services v. Manning Tronics*, 201 Ga. App. 255 (410 SE2d 810) (1991).

Owens' purported rescission in the amendment to her complaint almost one year after filing the action was ineffectual. Rescission or attempted rescission is a condition precedent even to bringing an action seeking rescission. Id.

In the instant case, the only possible rescission occurred when Owens met with UCCP's floor manager and inquired about the possibility of returning the purchased car in exchange for her old car back and refund of the purchase money paid. However, even if this mere inquiry were considered to have manifested a present election to rescind the contract, Owens' subsequent actions did not adhere to that "rescission," but instead indicated an affirmation of the contract. Spe-

cifically, Owens continued to make monthly payments on the car, maintained the vehicle, and drove it extensively, even on out-of-town trips, putting almost 40,000 miles on the car from the February 1991 purchase date to January 1993. Also, after her discussion with UCCP's floor manager yielded no satisfactory resolution, Owens' attorney demanded money damages on her behalf for the alleged fraudulent misrepresentation, and, as noted above, Owens' original complaint likewise sought money damages rather than rescission. Under these circumstances, any purported rescission was waived, and Owens could not revive it when the matter was before the trial court on summary judgment. See *John McDonald Pontiac-GMC Truck v. Klopper*, 205 Ga. App. 639 (422 SE2d 925) (1992).

"Where a party who is entitled to rescind a contract on ground of fraud or false representations, and who has full knowledge of the material circumstances of the case, freely and advisedly does anything which amounts to a recognition of the transaction, or acts in a manner inconsistent with a repudiation of the contract, such conduct amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable in equity. If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it. Otherwise he can not avoid or rescind such contract." *Gibson v. Alford*, 161 Ga. 672, 673 (5) (132 SE 442) (1926).

Owens misplaces her reliance upon *Crews v. Cisco Bros. Ford-Mercury*, 201 Ga. App. 589 (411 SE2d 518) (1991), wherein this court excused the plaintiffs from complying with the unconditional tender requirement because such would not have absolved them of their obligation to the third-party creditor that financed the purchases. In *Crews*, unlike Owens, the plaintiffs had not affirmed the sales contracts involved. Further, although Owens also financed her purchase of the car in question through a third-party creditor, the installment contract provided that any holder of the consumer credit contract was subject to all claims and defenses that the debtor could assert against the seller; and thus the concern in *Crews* over the continued obligation to the third-party creditor is absent in the instant case.

In summary, Owens' actions resulted in an affirmation of the sales contract, and by virtue of that affirmation of the contract containing a merger clause, she was estopped from asserting any reliance upon the alleged misrepresentation made prior to execution of the contract. *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (306 SE2d 362) (1983). Accordingly, the trial court properly granted summary judgment for UCCP.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993.

Fred J. Rushing, Jr., for appellant.
Smith, Gambrell & Russell, Thomas M. Barton, Stephen M. Forte, for appellee.