S99A0796, S99X0798. AKINS et al. v. COUCH et al.; and vice versa.
(518 SE2d 674)

FLETCHER, Presiding Justice.

Wayne and Jean Akins sued Douglas and Ellen Couch, Stephanie Gedda, and Bullard Realty Company for rescission and compensatory and punitive damages arising out of the Couches' sale of a

house to the Akinses.[1] The trial court entered judgment in favor of the defendants on the ground that the Akinses had failed to exercise due diligence and had waived their rescission claim. Because the issues of due diligence and waiver are generally for the jury and the record shows the existence of genuine issues of material fact, we reverse.

Construing the evidence in the light most favorable to the Akinses, as the party opposing summary judgment, the record shows that Douglas Couch contacted the Fayette County Health Department on February 13, 1996, regarding septic problems at his home. A health department inspector visited the home on February 15, 1996, and informed Couch that he found signs of past septic system failure and that sewage discharges were likely to recur until a new system was installed. The following day the Couches listed the house for sale with Gedda and Bullard Realty and signed a Seller's Property Disclosure Statement representing that they did not know "of any leaks, backups, or other problems related to . . . sewage-related items." Before making an offer on the house, the Akinses viewed it several times, but the Couches did not disclose the septic system problems and Gedda denied that any problems existed when specifically asked by the Akinses' real estate agent.

Because the Couches expected that the lender would require a "septic clearance letter," they requested one from the health department. The health department refused to issue a standard clearance letter and instead gave the Couches' real estate agent one that disclosed the significant problems with the septic system and stated that the problems would continue until a new system was installed. At the closing, the lender did not require a clearance letter, and none of the defendants produced the health department's letter or revealed the septic system problems. Within days of taking possession of the house, the Akinses discovered that the septic system was not functioning and required replacing with a very expensive system because of soil conditions and the level of the water table.

1. On the morning of trial, the trial court dismissed the claim against the Couches on the ground that the Akinses had waived their rescission claim by procuring a loan secured by a second security deed on the property during the pendency of the lawsuit. The trial court at first stated it was granting summary judgment and then stated it was granting a directed verdict. The Couches had not filed a

---

[1] The Court of Appeals of Georgia generally exercises jurisdiction over similar cases that seek rescission and damages. See, e.g., *Jones v. Cartee*, 227 Ga. App. 401 (489 SE2d 141) (1997); *Owens v. Union City Chrysler-Plymouth*, 210 Ga. App. 378 (436 SE2d 94) (1993). Nevertheless, because the parties have submitted briefs and have had oral argument before this Court, in the interests of judicial economy, we will retain the case.

motion for summary judgment on this basis, but had sought to amend the pretrial order to add the issue of waiver. In granting summary judgment without providing the Akinses an opportunity to respond formally, the trial court ignored OCGA § 9-11-56. A directed verdict was also error, because no jury had been empaneled and the parties had introduced no evidence.[2] Despite the improper procedure, we will consider the issue rather than remanding to the trial court because the issue has now been fully briefed.[3]

2. It is a well-settled principle that a person seeking rescission may not acquiesce in the contract and maintain an action for rescission.[4] Here the Akinses promptly sought rescission and, although they executed a second security deed, they also retained the right to have it cancelled at any time upon payment of the debt. We cannot say that these facts so obviously demonstrate the Akinses' intent to affirm the sales contract with the Couches. Therefore, the issue must be resolved by a jury.

3. Prior to trial, the realtors moved for summary judgment on the ground that the Akinses could not establish justifiable reliance on the alleged misrepresentations because they did not exercise due diligence.[5] The Couches then filed a motion adopting the arguments made by Gedda and Bullard. The trial court granted Gedda and Bullard's motion for summary judgment, but denied the Couches' motion.

(a) The various clauses in the sales agreement do not preclude the Akinses' claim for rescission based on fraudulent concealment because "the question of reliance on the alleged fraudulent misrepresentation in tort cases cannot be determined by the provisions of the contract sought to be rescinded but must be determined as a question of fact by the jury."[6]

(b) Likewise, the question of whether a purchaser has exercised reasonable diligence in inspecting real property is usually a jury question.[7] Nevertheless, the defendants argue that summary judgment is proper because the Akinses did not hire an inspector and did not check the records of the county health authority. A jury, however, is authorized to find that a purchaser exercised due diligence even

---

[2] OCGA § 9-11-50.

[3] See *Premium Distributing Co. v. National Distributing Co.*, 157 Ga. App. 666, 667 (278 SE2d 468) (1981).

[4] *Gibson v. Alford*, 161 Ga. 672, 685 (132 SE 442) (1925).

[5] *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977) (in case alleging passive concealment by seller of realty, buyer must demonstrate that defects could not have been discovered in exercise of reasonable diligence).

[6] *City Dodge v. Gardner*, 232 Ga. 766, 770 (208 SE2d 794) (1974).

[7] *Fincher v. Bergeron*, 193 Ga. App. 256, 259 (387 SE2d 371) (1989).

without hiring an inspector.[8] Additionally, the location of information in public records does not necessarily defeat a claim of passive concealment.[9] Therefore, the issue of whether the Akinses exercised reasonable diligence was a question for the jury and the trial court properly denied summary judgment for the Couches on this ground, but erred in granting summary judgment to the realtors Gedda and Bullard.

*Judgment reversed in Case No. S99A0796. All the Justices concur, except Carley, J., who dissents in part. Judgment affirmed in Case No. S99X0798. All the Justices concur.*

CARLEY, Justice, concurring in part and dissenting in part.

I agree with Division 1 of the majority opinion that this Court should consider the issue of waiver of the claim of Wayne and Jean Akins (Purchasers) for rescission, and with the conclusion of Division 3 that the issue of reasonable diligence is a question for the jury. However, I cannot agree with the holding in Division 2 that the Purchasers' intent to affirm the sales contract is also an issue for the jury.

"Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture. . . . [Cits.]" *Pearson v. George*, 209 Ga. 938, 945-946 (77 SE2d 1) (1953).

> "It is a well-settled rule that a party who is entitled to rescind a contract on account of fraud or false representation, when he has full knowledge of all the material circumstances of the case, if he freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable even in equity[.] . . . If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon the discovery of the facts, at once announce his purpose and adhere to it." [Cits.]

*State Highway Dept. v. Hewitt Contracting Co.*, 221 Ga. 621, 624 (2) (146 SE2d 632) (1966). When a purchaser is induced to buy property by fraud and later gains knowledge of the fraud, his subsequent sale of the property is the most convincing evidence possible of his inten-

---

[8] See, e.g., *Brookshire v. Digby*, 224 Ga. App. 512, 517-518 (481 SE2d 250) (1997); *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128 (421 SE2d 555) (1992); *Mulkey v. Waggoner*, 177 Ga. App. 165, 166 (338 SE2d 755) (1985).

[9] *Wiederhold v. Smith*, 203 Ga. App. 877, 879 (418 SE2d 141) (1992).

tion to affirm the transaction and, thus, he loses the right to rescind. *Housley v. Linnton Plywood Assn.*, 311 P2d 432, 437 (Or. 1957). Similarly, if the purchaser with knowledge of pre-existing fraud executes a mortgage or deed of trust subsequent to the sale, such act constitutes a ratification, regardless of whether he knows that the execution of the mortgage will result in ratification. *Koppe v. Koppe*, 122 SW 68, 72 (Tex. Civ. App. 1909). See also *Mims v. Wight*, 78 Ga. 12 (3 SE 447) (2) (1887) (one who executed a mortgage was estopped from denying that she had the title to the land). In this case, the Purchasers undisputedly executed a second deed to secure debt after learning of the alleged fraud. The execution of that security deed, being an outright conveyance of title, is clearly inconsistent with repudiation of the previous purchase of the property. Thus, by their execution of a deed to secure debt after gaining knowledge of the alleged fraud, the Purchasers have, in my opinion, affirmed the contract and lost their right to rescind. I further believe that the Purchasers can no longer obtain a rescission even if they have now paid the debt secured by the deed and had it cancelled. "[A] waiver of a breach or forfeiture can not be recalled. [Cits.]" *Pearson v. George*, supra at 946 (2).

The Purchasers do not contend that, if the trial court had followed proper procedure, there would have been any addition to the record which could demonstrate an absence of waiver of the alleged fraud, nor can I conceive of any evidence which would show that the execution of the security deed after obtaining knowledge of the alleged fraud was not an affirmance of the contract. *Premium Distributing Co. v. National Distributing Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468) (1981). Therefore, it is my opinion that this Court should affirm the trial court's judgment against the Purchasers on the rescission claim. However, the pre-trial order shows that the Purchasers also sought the inconsistent, alternative remedy of damages, which is available only in the event that they affirm the alleged fraudulent contract. See *Price v. Mitchell*, 154 Ga. App. 523, 524 (1) (268 SE2d 743) (1980). Construing the evidence most favorably for the Purchasers, genuine issues of material fact remain as to that alternative claim. Thus, I believe that the trial court did err to the extent that it entered judgment against the Purchasers as to their claim for damages against the Sellers. I also agree with the majority that the trial court had earlier properly denied the Sellers' motion for summary judgment, but erred in granting summary judgment in favor of Gedda and Bullard, on the issue of reasonable diligence. Accordingly, I concur in part and dissent in part to this Court's judgment of reversal in the main appeal, and I concur in the judgment of affirmance in the cross-appeal.

DECIDED JUNE 14, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Philip S. Coe*, for appellants.
*Holland & Knight, Frank O. Brown, Jr., Weissman, Nowack, Curry & Wilco, Leigh M. Wilco, Vicki V. Mott*, for appellees.