COBB, Chief Justice
(dissenting).
I respectfully dissent. The facts of this case are straightforward — the seller sought to sell her house because the property was prone to flooding; she included a document with the material promoting the sale of the property stating that there were no problems with drainage or flooding; the Teers purchased the house in reliance on that document, among others, and then sued the seller when the intentional fraud was discovered. The majority opinion is founded on the outdated legal concept of “caveat emptor” that is presently the law of this State for purchases of used residential property and holds that the Teers have no remedy. That law permits a seller of used real estate to commit intentional fraud in order to induce a buyer to purchase the real estate and to avoid any liability for that fraud by inserting the words “as is” into the purchase contract. This legal concept permits dishonest, sellers to lie about the condition of the property they seek to sell and protects them from any consequence of their dishonest action — it promotes fraud. I strongly believe that this Court should recognize the injustice that is promoted by the rule established in Leatherwood, Inc. v. Baker, 619 So.2d 1273, 1274 (Ala.1992); Haygood v. Burl Pounders Realty, Inc., 571 So.2d 1086, 1089 (Ala.1990); and Massey v. Weeks Realty Co., 511 So.2d 171 (Ala.1987), and their progeny and overrule those cases.
In his dissent in Leatherwood, Chief Justice Hornsby recognized that most jurisdictions in America refuse to permit the words “as is” in a purchase contract for the sale of real property to insulate a seller from intentional fraud:
“Virtually every other state that has addressed the effect of an ‘as is’ provision in a contract for the purchase of used residential real estate has held that the ‘as is’ provision does not insulate a vendor from liability for fraud.”
619 So.2d at 1276. The dissent backed up this statement with an extensive list of cases from different jurisdictions holding that the words “as is” in a real-estate contract do not insulate a dishonest seller from liability for intentional fraud.
In the 18 years since Chief Justice Hornsby’s dissent in Leatherwood, Alabama has remained in the erroneous position of being one of the few jurisdictions to apply caveat emptor in “as is” contracts of the purchase of used residential property to exempt a vendor from liability for intentional fraud. Additional cases from other jurisdictions that have held that an “as is” real-estate contract does not protect a dishonest seller from intentional fraud.include Mullcey v. Waggoner, 177 Ga.App. 165, 338 S.E.2d 755 (1985); Ferguson v. Cussins, 713 S.W.2d 5 (Ky.Ct.App.1986); Grube v. Dawn, 173 Wis.2d 30, 496 N.W.2d 106 (1992); Clemens v. Lesnek, 200 Mich.App. 456, 505 N.W.2d 283 (1993); Gibb v. Citicorp Mortgage, 246 Neb. 355, 518 N.W.2d 910 (1994); Richey v. Patrick, 904 P.2d 798 (Wyo.1995); Black v. Cosentino, 117 Ohio App.3d 40, 689 N.E.2d 1001 (1996); Fimbel v. DeClark, 695 N.E.2d 125 (Ind.Ct.App.1998); Dyke v. Peck, 279 A.D.2d 841, 719 N.Y.S.2d 391 (2001); and Fletcher v. Edwards, 26 S.W.3d 66 (Tex.Ct.App.2000). Many more cases on this point exist. See, generally, Annot., “Construction and effect of provision in contract for sale of realty by which purchaser agrees to take property ‘as is’ or in its existing condition,” 8 A.L.R. 5th 312 (1992 and Cum. Supp.2010).
*263 I believe that the majority’s citation to Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd., 376 Ill.App.3d 1006, 1019, 315 Ill.Dec. 218, 876 N.E.2d 218, 229-30 (2007), and Crandall v. Grbic, 36 Kan.App.2d 179, 192-93, 138 P.3d 365, 376 (2006), fails to rebut the position of the majority of jurisdictions that caveat emptor should not shield a dishonest seller from intentional fraud. In Kopley Group, the buyers, sophisticated owners and purchasers of rental real estate, contracted to purchase an eight-story apartment building and represented that a general property inspection would be performed that should have reasonably disclosed the allegedly concealed structural problem. The Illinois court held that, under such circumstances and under Illinois law, the buyers’ reliance was not justifiable. In Crandall, the buyers received a home-inspection report, which noted possible leakage problems with the patio roof, the very problem upon which they asserted their claims of fraud. The court in Crandall relied on Kansas authority to the effect that the buyers could not reasonably have relied upon representations of the seller when the truth of the representation would have been revealed by an inspection of the subject property. Those cases are not representative of the inflexible application of the caveat emptor rule in this case.
It is plain that the rule relied upon by the majority in this case protects the seller from an intentional lie in a written document that was perpetrated to promote the sale of the property in question. Moreover, this is not a situation in which some structural defect was present that could have been ascertained by an inspection; no inspection of the property during dry conditions would have revealed the flooding problem. In spite of its assertion otherwise, the majority opinion does shield the seller from intentional wrongdoing, and imposing a duty of inspection on the buyer fails to remedy that wrong where an inspection cannot discover the fraud. In this case, the overwhelming majority of American jurisdictions would hold that the “as is” term in this contract would not shield the seller as a matter of law on a motion for a summary judgment. This Court should overrule Massey and its progeny and hold that such contracts do not shield a vendor from liability for fraudulent inducement as a matter of law. Therefore, I must dissent.