**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 1, 2022**

# In the Court of Appeals of Georgia

A21A1775. HENRY v. GRIFFIN CHRYSLER DODGE JEEP RAM.

PHIPPS, Senior Appellate Judge.

Plaintiff Dennis Henry appeals from the grant of summary judgment to defendant Griffin Chrysler Dodge Jeep Ram ("Griffin Chrysler") in this action brought under Georgia's Lemon Law, OCGA § 10-1-780 et seq., and Fair Business Practices Act ("FBPA"), OCGA § 10-1-390 et seq. Henry contends that the trial court improperly granted summary judgment based on the erroneous conclusion that the vehicle at issue here did not qualify for Lemon Law protection. For the reasons that follow, we disagree and affirm.

Viewed in the light most favorable to Henry, the nonmoving party, see *City of St. Marys v. Reed*, 346 Ga. App. 508, 508-509 (816 SE2d 471) (2018), the record

shows that Griffin Chrysler sold a new 2018 Ram 1500 pickup truck (the "Truck") to non-party Kevin Tison in June 2018.[1] After Tison complained that the Truck shook when traveling at certain speeds, he traded it in to Griffin Chrysler for a new vehicle in August 2019.[2] In connection with his trade-in, and as a result of Tison's complaints about the Truck, its manufacturer — Fiat Chrysler Automobiles, Inc. ("FCA") — issued a "Goodwill Satisfaction Allowance Certificate" providing for $2,500 to be applied toward Tison's purchase or lease of a new FCA vehicle. In November 2019, Griffin Chrysler sold the Truck to Henry.

In July 2020, Henry sued Griffin Chrysler, alleging that it failed to disclose to him that the Truck was a "manufacturer buyback" before he bought it, in violation of the Lemon Law and FBPA. Henry also alleged that Griffin Chrysler improperly refused to honor his revocation of acceptance of the Truck under the Uniform Commercial Code. As relief, Henry sought rescission of the sale, monetary damages, and an order "deny[ing Griffin Chrysler] any allowance for [Henry]'s use of the [Truck]."

---

[1] Tison's last name also is spelled "Tinson" in the record.

[2] According to Griffin Chrysler, Tison's problems with the Truck were caused by aftermarket parts he installed.

2

Griffin Chrysler thereafter moved for summary judgment, contending that the Truck is not subject to the Lemon Law or FBPA because it was never reacquired by FCA, which, Griffin Chrysler asserted, also is fatal to Henry's revocation-of-acceptance claim. Following oral argument, the trial court granted summary judgment to Griffin Chrysler, concluding, in relevant part, that Henry's Lemon Law, FBPA, and revocation claims failed because there is no record evidence establishing either that FCA reacquired or replaced the Truck or that the Truck had a nonconformity, as required by the applicable statutory schemes. This appeal followed.

We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. *City of St. Marys*, 346 Ga. App. at 508-509. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 508; see OCGA § 9-11-56 (c). "[T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Ellison v. Burger King Corp.*, 294 Ga. App. 814, 819 (3) (a) (670 SE2d 469) (2008) (citation and punctuation omitted); see OCGA § 9-11-56 (c). If the movant meets this burden, the nonmovant

3

"cannot rest on [his] pleadings, but rather must point to specific evidence giving rise to a triable issue." *Ellison*, 294 Ga. App. at 819 (3) (a) (citation and punctuation omitted); see OCGA § 9-11-56 (e).

1. As an initial matter, we deem abandoned Henry's passing, conclusory assertion in his appellate brief that the trial court erred by granting summary judgment while discovery was incomplete and a motion to compel was pending, which Henry has failed to distinctly enumerate as error or support with citation of authority or argument. See Court of Appeals Rule 25 (c) (1) ("The sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly."), (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Brittain v. State*, 329 Ga. App. 689, 704 (4) (a) (766 SE2d 106) (2014) ("[A]n appellant must support enumerations of error with argument and citation of authority, and mere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citations and punctuation omitted); *Blanton v. State*, 324 Ga. App. 610, 615 (2) (a), n. 10 (751 SE2d 431) (2013) (finding that the appellant abandoned a claim that certain testimony was hearsay by failing to cite any authority to support it).

4

2. In his first enumeration of error, Henry contends that the trial court erred by concluding that the Truck is not a "reacquired vehicle" under the Lemon Law. We disagree.

This enumeration of error involves statutory construction, which is a legal issue that we address de novo. See *Hill v. First Atlantic Bank*, 323 Ga. App. 731, 732 (747 SE2d 892) (2013). The statute at issue here, OCGA § 10-1-790 (a), provides:

> No manufacturer, its authorized agent, new motor vehicle dealer, or other transferor shall knowingly resell, either at wholesale or retail, lease, transfer a title, or otherwise transfer a reacquired vehicle, including a vehicle reacquired under a similar statute of any other state, unless the vehicle is being sold for scrap and the manufacturer has notified the Attorney General of the proposed sale or:
>
> > (1) The fact of the reacquisition and nature of any alleged nonconformity are clearly and conspicuously disclosed in writing to the prospective transferee, lessee, or buyer; and
> >
> > (2) The manufacturer warrants to correct such nonconformity for a term of one year or 12,000 miles, whichever occurs first.
>
> A knowing violation of this subsection shall constitute an unfair or deceptive act or practice in the conduct of consumer transactions under Part 2 of Article 15 of Chapter 1 of Title 10 [the FBPA] and will subject the violator to an action by a consumer under Code Section 10-1-399[, which authorizes a private right of action under the FBPA].

5

Notably, the Lemon Law defines "reacquired vehicle" as:

> a new motor vehicle with an alleged nonconformity that has been replaced or repurchased by the manufacturer as the result of any court order or judgment, arbitration decision, voluntary settlement entered into between a manufacturer and the consumer, or voluntary settlement between a new motor vehicle dealer and a consumer in which the manufacturer directly or indirectly participated.

OCGA § 10-1-782 (21). When considering the meaning of a statute, a court must "presume that the General Assembly meant what it said and said what it meant" and afford the statutory text its "plain and ordinary meaning." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted). Under the plain terms of OCGA § 10-1-782 (21), for a vehicle to qualify as "reacquired" for purposes of OCGA § 10-1-790 (a), it must have been "replaced or repurchased *by the manufacturer*." OCGA § 10-1-782 (21) (emphasis supplied); accord *Bender v. Southtowne Motors of Newnan II*, 339 Ga. App. 439, 445 (1) (793 SE2d 618) (2016) (concluding that a new vehicle repurchased by Hyundai Motor America qualified as a "reacquired vehicle" under OCGA § 10-1-790 (a)).

Here, Henry does not allege — much less point to any record evidence establishing — that FCA ever replaced or repurchased the Truck, which is fatal to his

6

Lemon Law claim. See OCGA §§ 10-1-782 (21); 10-1-790 (a). He contends, however, that FCA "directly participated in and was a party in the reacquisition of the vehicle from its prior owner" by paying Griffin Chrysler a "trade assist" in connection with the transaction in which Tison traded in the Truck for another vehicle. In support of this contention, Henry cites the Goodwill Satisfaction Allowance Certificate discussed above.

It is undisputed, however, that Griffin Chrysler — and not FCA — bought the Truck from Tison and sold him another vehicle and that FCA neither "replaced" nor "repurchased" the Truck. In that vein, the Goodwill Satisfaction Allowance Certificate explicitly states that: (i) FCA "will not take the vehicle back"; (ii) any potential trade-in transaction would have to be made with a "Chrysler, Dodge, or Jeep dealer"; and (iii) the Truck "does not meet the standards for repurchase/replacement under the Lemon Law of the State of Georgia." Thus, contrary to Henry's claims, the Goodwill Satisfaction Allowance Certificate establishes — at most — only that Griffin Chrysler "replaced or repurchased" the Truck after its sale to Tison and not that FCA did so.

Nevertheless, Henry maintains that the Lemon Law should be broadly construed to reach this type of arrangement, which he characterizes as an attempt to

circumvent the purpose behind the Lemon Law. This we cannot do. Absent clear evidence that the General Assembly intended a contrary meaning, we assign words in a statute their "ordinary, logical, and common meanings." *Turner v. Ga. River Network*, 297 Ga. 306, 308 (773 SE2d 706) (2015) (citation and punctuation omitted). Here, by its terms, the plain language of the statute applies only where a manufacturer itself has replaced or repurchased a vehicle. See OCGA §§ 10-1-782 (21); 10-1-790 (a). To the extent that Henry challenges the wisdom of the statute as written, he should direct such concerns to the General Assembly. See, e.g., *Priester v. State*, 309 Ga. 330, 334 (3) (845 SE2d 683) (2020) (appellate courts generally must defer to the General Assembly on questions of public policy); *Deal*, 294 Ga. at 174 (1) (a), n. 11 ("[S]triking the right balance between competing legitimate policy interests is a political question, and [an appellate court] is concerned only with legal questions. As members of this State's judicial branch, it is [an appellate court's] duty to interpret the laws as they are written.") (citation and punctuation omitted); accord *Unified Govt. of Athens-Clarke County v. Athens Newspapers*, 284 Ga. 192, 200 (2) (663 SE2d 248) (2008) (policy arguments as to statutory time limits should be addressed to the General Assembly).

For each of the above reasons, the trial court did not err when it concluded that no genuine issues of material fact exist as to whether the Truck constituted a "reacquired vehicle" for purposes of the Lemon Law, and we affirm the trial court's ruling in that regard.

3. Henry further contends that disputed factual issues precluding summary judgment exist on his FBPA claim. Again, we disagree.

"The FBPA forbids and declares unlawful any unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." *Small v. Savannah Intl. Motors*, 275 Ga. App. 12, 15 (4) (619 SE2d 738) (2005) (citation and punctuation omitted); see OCGA § 10-1-393 (a). "[T]o prevail on a private cause of action under the FBPA, a private individual must establish three elements: a violation of the Act, causation, and injury." *Small*, 275 Ga. App. at 15 (4) (citation and punctuation omitted). As stated above, by its terms, a violation of OCGA § 10-1-790 (a) "constitute[s] an unfair or deceptive act or practice in the conduct of consumer transactions" under the FBPA. Accord OCGA § 10-1-793 (a); *Bender*, 339 Ga. App. at 443 (1).

Here, Henry's FBPA claim depends entirely on his assertion that the Truck is a "reacquired vehicle" under the Lemon Law. Consequently, because the trial court

9

properly granted summary judgment to Griffin Chrysler on Henry's Lemon Law claim, it likewise did not err when it did so on his FBPA claim, and we affirm the trial court's ruling in that regard, as well.

4. Finally, Henry contends that he is entitled to damages resulting from Griffin Chrysler's refusal to honor his revocation of acceptance of the Truck under the Uniform Commercial Code. Once again, we disagree.

The statute applicable to this claim, OCGA § 11-2-608, provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

As is the case with his FBPA claim, Henry's claim for revocation of acceptance is premised entirely on his contention that the Truck's status as a "reacquired vehicle" substantially impairs its value. Consequently, because Henry's claim that the Truck is a "reacquired vehicle" under the Lemon Law fails, the trial court did not err when it granted summary judgment on his claim for revocation of acceptance, and we further affirm the trial court's ruling in that regard.

*Judgment affirmed. Rickman, C. J., concurs; and McFadden, P. J., concurs specially as to Division One and fully in the remainder of the opinion.*

11

# In the Court of Appeals of Georgia

A21A1775. HENRY v. GRIFFIN CHRYSLER DODGE JEEP RAM.

MᴄFᴀᴅᴅᴇɴ, Presiding Judge, concurring specially.

I agree with the majority's resolution of the merits of Henry's appeal. But I do not agree with the majority that Henry has "abandoned" a claim of error. So I concur specially in Division 1. I concur fully in the remainder of the opinion.

The majority says that Henry abandoned the "passing, conclusory assertion in his appellate brief that the trial court erred by granting summary judgment while discovery was incomplete and a motion to compel was pending," because he "failed to distinctly enumerate [the assertion] as error or support [it] with citation of authority or argument." It's not a matter of abandonment, though, because this assertion is not an enumeration of error. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned.") I read Henry's assertion — the first substantive sentence in his

brief, contained in the "Statement of the Case" section — simply as giving context to the proceedings below.