## 32092. WILHITE v. MAYS et al.

JORDAN, Justice.

This court granted certiorari to review the ruling by the Court of Appeals in Division 3 of its opinion in *Wilhite v. Mays,* 140 Ga. App. 816 (232 SE2d 141) (1976), and particularly to consider the following language: "Therefore, in cases of passive concealment by the seller of defective realty, we find there to be an exception to the rule of caveat emptor, which exception is applicable to the instant case. That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision."

While we affirm the ruling of the Court of Appeals that the jury was authorized to find a verdict for the plaintiff Mays, we are apprehensive that the rule stated by the Court of Appeals might be construed to be an exception to the general rule of caveat emptor in the purchase of realty without reference to the issue of fraud.

The present action was one for damages by reason of fraud. Code § 37-704 provides: "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."

"When a vendee is induced to enter into a contract for the purchase of land by fraud of the vendor, when the vendee discovers the fraud he has an election of remedies. One of such remedies is to rescind the contract, and another is to affirm the contract and sue for damages for the fraud." *Manget v. Cunningham,* 166 Ga. 71 (1d) (142 SE 543) (1928). See: *Southern v. Floyd,* 89 Ga. App. 602 (1) (80 SE2d 490) (1954); *Hester v. Wilson,* 117 Ga. App. 435 (2, 3) (160 SE2d 859) (1968); *Batey v. Stone,* 127 Ga. App. 81 (192 SE2d 528) (1972); *Whiten v. Orr Const. Co.,* 109

Ga. App. 267 (136 SE2d 136) (1964).

In the present case the jury was authorized to find the following: The residence and premises purchased by the plaintiff had serious defects, unknown to him, in that the septic tank and its drainage lines were inadequate, and after a heavy rain there was an overflow of raw sewage from the septic tank into the front yard of the residence, a condition both unpleasant and dangerous to health. Also after a heavy rain there was ponding of surface water under the residence which caused its deterioration. Neither of these defects could have been discovered by the buyer by the exercise of due diligence at any time except after a heavy rain. The defendant seller was well aware of the problems and did not disclose them to the prospective buyer. The buyer did not discover the sewage and water problems until after the sale had been completed. He would not have purchased the property if he had known of them.

Under the particular circumstances of this case the suppression of facts concerning the defects in the property constituted fraud.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Ingram and Bowles, JJ., who dissent.*

ARGUED MARCH 15, 1977 — DECIDED MAY 13, 1977.

*Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.

*Jay M. Sawilowsky, Calhoun & Kernaghan, William C. Calhoun, Herbert E. Kernaghan,* for appellees.