37908. WORTHEY et al. v. HOLMES et al.

JORDAN, Chief Justice.
We granted certiorari to determine whether or not the doctrines
of merger by deed and caveat emptor should bar these homeowners'
claim against their builder for breach of the building construction
provisions of the written sales contract and their claim for negligent
construction of the roof. The Court of Appeals reversed the judgment
of the trial court that had dismissed the homeowners' complaint for
failure to state a claim upon which relief can be granted. *Holmes v.
Worthey,* 159 Ga. App. 262 (282 SE2d 919) (1981). We affirm the
judgment of the Court of Appeals for the reasons stated in this
opinion.
Fraud was not alleged. The complaint alleged breach of contract
and negligent construction in that after the closing of the sales
contract and the delivery and acceptance of the deed, the roof leaked,
damaging certain components of the home and certain of its contents,
and requiring work to be performed on the roof to prevent recurrence
of the leaks.
The builder-seller of the house insists that the "build" as well as
the "sale" provisions of the contract for construction of the house and
for conveyance of the house and lot merged into the warranty deed
that was accepted by the homeowners, thereby precluding claims for
breach of contract and negligent construction of the roof. The
builder-seller also contends that the doctrine of caveat emptor bars
the claims because the purchasers not only were permitted but were
required by the "build" provisions of the agreement to inspect the
construction of the house for their own protection, and because there
were no express or implied warranties pertaining to the construction
of the house.

1. The decision of the Court of Appeals in the present case is not in conflict with the decisions of this court in the cases of *Jordan v. Flynt,* 240 Ga. 359, 362 (1) (240 SE2d 858) (1977); *Fields v. Davies,* 235 Ga. 87 (218 SE2d 828) (1975); *Keiley v. Citizens Sav. Bank &c. Co.,* 173 Ga. 11 (159 SE 527) (1931), and *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519 (79 SE 138) (1913), all of which were concerned with merger of sales provisions in land sales contracts, and none of which involved the question of whether or not the "build" provisions of a build-sell agreement also should merge into the deed. If the doctrine of merger by deed were to be a complete bar to all building construction related claims, as suggested by the builder-seller, then the doctrine of caveat emptor never would have come into play in cases raising these issues, much less would there be inquiry into exceptions to its application. *P. B. R. Enterprises v. Perren,* 243 Ga. 280, 282 (4) (253 SE2d 765) (1979).

Contracts for the sale of land often contain obligations which are not performed by delivery and acceptance of the warranty deed. *Scott v. Lester,* 242 Ga. 730, 731 (251 SE2d 257) (1978); *Moxley v. Adams,* 190 Ga. 164 (3) (8 SE2d 525) (1940); *San Joi, Inc. v. Peek,* 140 Ga. App. 397 (231 SE2d 145) (1976). The doctrine of merger by deed does not bar the enforcement of such independent or collateral undertakings simply because they are expressed in a writing containing terms of sale which merge into the deed. *Scott v. Lester,* supra. We hold that "build" provisions of build-sale contracts are not performed by delivery and acceptance of the warranty deed, and therefore that the doctrine of merger by deed is no bar to claims by a purchaser-homeowner against his builder-seller seeking recovery for latent construction defects about which the purchaser-homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder-seller or in the exercise of ordinary care would have been discovered by him.

2. Although we recently have reaffirmed the inapplicability of implied warranty concepts to build-sell agreements for new homes, we reaffirmed in the same case the "passive concealment doctrine" under which the homeowner may be permitted to recover for latent building construction defects about which he did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder or in the exercise of ordinary care by the builder would have been known to him. *P. B. R. Enterprises v. Perren,* supra. Our decision in *P. B. R.* was a reaffirmation of *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532) (1977). Although the "passive concealment" doctrine of *Wilhite* requires proof of an attenuated species of fraud, recent cases have blurred the distinction between

intentional misconduct and negligent disregard of an obligation to use ordinary care. An example of this metamorphosis from intentional to negligent misconduct is *Rose Mill Homes v. Michel,* 155 Ga. App. 808, 810 (273 SE2d 211) (1980), in which the Court of Appeals held: "Even if Rose Mill did not intend to deceive Michel, their assurances may be considered as a reckless representation of facts as true, and equivalent to actual knowledge of the faulty representation."

We hold that our decisions in *P. B. R.* and *Wilhite* did not foreclose the Court of Appeals from recognizing the existence of a negligence claim which depends for its existence upon a comparison of the knowledge and expertise of the builder-seller with that of the purchaser. Even the dissenting Justices in *P. B. R.* thought it worthy of comment that the purchaser in that case was aware of proper home construction techniques because of his occupation.

3. Accordingly, neither caveat emptor nor merger by deed is a viable defense by a builder-seller against a homeowner's tort-negligence and breach of contract claims seeking recovery for latent building construction defects about which the purchaser-homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder-seller or in the exercise of ordinary care would have been discovered by him.

*Judgment affirmed. All the Justices concur, except Marshall and Clarke, JJ., who concur in the judgment only, and Weltner, J., who dissents.*

DECIDED FEBRUARY 4, 1982 —
REHEARING DENIED MARCH 2, 1982.

*G. Robert Howard,* for appellants.
*James A. White, Jr., R. Kelly Raulerson,* amicus curiae.
*Hylton B. Dupree, Stephen C. Steele, Mark A. Johnson,* for appellees.