A90A0364. SWIEDLER v. FERGUSON et al.
(393 SE2d 456)

BIRDSONG, Judge.

Edward Swiedler sued John Ferguson and Judy Ferguson for fraud, breach of contract, and negligence in connection with the Fergusons' sale to Swiedler of a farmhouse, alleging certain defects in the construction and condition of the premises. The jury returned a verdict in favor of the defendants on the fraud and breach of contract counts, but returned a verdict in favor of plaintiff Swiedler on the issue of negligence. The trial court issued a judgment n.o.v., striking the award on grounds that inasmuch as the Fergusons had not built the house, "the negligence verdict returned against [them] is not supported by law. A claim of negligence can only be asserted against a builder-seller. *Williams v. Runion,* 173 Ga. App. 54 [325 SE2d 441]; *Holmes v. Worthey,* 159 Ga. App. 262 [282 SE2d 919]; affirmed, 249 Ga. 104 [287 SE2d 9]. The law does not authorize a claim of negligence against one who is merely an owner-seller."

Swiedler appeals, contending that he had a negligence cause of action pursuant to Section 552 of the Second Restatement of Torts, as noted in *Robert & Co. Assoc. v. Rhodes-Haverty Partnership,* 250

Ga. 680 (300 SE2d 503). Further, Swiedler argues that the *Holmes v. Worthey* decision did not hold that *only* a builder-seller could be found liable for negligence in the sale of a house. *Held*:

1. Having carefully analyzed our decision in *Holmes v. Worthey*, 159 Ga. App. 262, supra, we can state authoritatively that it did not hold, or mean to hold, that *only* a builder-seller may be held accountable for negligence in the sale of a house or building. However, that distinction is a fine one, for in concluding that a buyer does have a cause of action for negligence against a builder-seller, we relied upon the premise generally that the builder-seller is in the business of building and selling dwellings and thus is in a direct position of responsibility for the existence of any defects; and, moreover, is generally in a superior position to know of or discover latent defects which he created, and which the buyer could not reasonably discover. Further we found that no just reason or public policy exists which should excuse him for negligence in the building and selling of a dwelling. None of these premises apply in the usual case of a sale of a dwelling by an owner or agent who did not build it.

Moreover, in *Holmes v. Worthey*, we took pains to condition our ruling on the precise premises just described, and reiterated at p. 272, that but for those precise circumstances, the doctrine of caveat emptor still applies as established by the courts of this state. See esp. *P. B. R. Enterprises v. Perren*, 243 Ga. 280, 281 (253 SE2d 765). In affirming our decision in *Holmes v. Worthey*, the Supreme Court at 249 Ga. 104, 106, supra, acknowledged the limitations we placed upon the decision, by recognizing that the "existence of a negligence claim [against a builder-seller] depends . . . upon a comparison of the knowledge and expertise of the builder-seller with that of the purchaser."

We do not deem it prudent, at least upon this case, to extend to ordinary homeowner-sellers the liability authorized by *Holmes v. Worthey* and by the older case of *Davis v. Hopkins*, 50 Ga. App. 654, 656 (179 SE 213), which involved a seller of a vacant lot who had knowledge or notice of a defective sewer on the property and did not advise the purchaser, who then built a house upon it.

The usual doctrine of caveat emptor applies to protect the mass of homeowners who, without being culpable of any fraud or deception or even "passive concealment" (see *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141)) might nevertheless find themselves, and the housing market, vexed to economic death by lawsuits by every purchaser of a house who discovers a defect which he believes the previous homeowner should have discovered and revealed. There is probably no such thing as a perfect house, especially one that has suffered the inevitable wear and tear of age and of being lived in; to hold the homeowner liable for any such defect would be to hold all homeowners lia-

ble for every flaw and defect, when in fact the purchaser knows or is placed upon reasonable notice that the house is not new and, almost certainly, not perfect.

Georgia law, as we made it clear in *Holmes v. Worthey*, provides adequate legal recourse for buyers who have been wilfully or "passively" deceived by a homeowner with actual superior knowledge of a material defect. The "economic loss" provision of the Second Restatement of Torts referred to by appellants (see *Robert & Co. Assoc.*, supra, p. 681, fn. 1) does not create a simple cause of action for negligence in this or other like cases, for it plainly extends liability only to one who *supplies "false information"* to one who *justifiably relies upon it*, if such defendant "fails to exercise reasonable care or competence in obtaining or communicating the information." (Emphasis supplied.) This provision is no more than an affirmation of the principles of "passive concealment" (*Wilhite v. Mays*, supra) or plain fraud, constructive or actual.

The jury in this case found defendants not liable for giving false information, and found no "passive concealment," which is but an "apathetic form of fraud created as [an] exception to [the general rule of] caveat emptor." *Holmes v. Worthey*, supra, 159 Ga. App. at pp. 268-269. Appellant does not present on appeal any argument or statement of evidence which shows any act by the seller extending beyond mere oversight or, perhaps, even negligence, but claims, e.g., that the water system was not sufficient to meet his needs. As to whether the jury found that such a condition or the sellers' failure to disclose it, if they knew it, constituted negligence on the sellers' part, we cannot say. We will not engage in unwarranted speculation regarding the thought process used by the jury in arriving at its verdict. See *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). However, clearly the jury found no fraud or breach of contract, and absent such circumstances or an "imminently dangerous condition," (*Holmes v. Worthey*, supra, p. 264), we find it inappropriate to found a cause for negligence on mere defective or inadequate conditions in a "used" house, about which the buyer was not overtly or passively *misled*. Caveat emptor is still the general rule.

Accordingly, the trial court did not err in giving judgment n.o.v. to defendants.

2. The fact that defendant Judy Ferguson was the sales agent, or was listed as sales agent, for the sale of the house does not, by compounding the situation, alter the result, absent any provision of law making real estate agents liable for negligence on some other footing.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 2, 1990 —
REHEARING DENIED APRIL 16, 1990 — 

*Paller & Land, Carl A. Crowley III,* for appellant.
*Weymon H. Forrester,* for appellees.