## A95A1325. PANKOWSKY et al. v. SASINE.
### (462 SE2d 791)

BIRDSONG, Presiding Judge.

This is an appeal from the grant of summary judgment in a case asserting fraud in the sale of a home. Dan A. Pankowsky and Susan E. Pankowsky bought a home from Robert L. Sasine, and after a heavy rain in which certain rooms of the house flooded, the Pankowskys brought an action for fraud and negligence claiming that Sasine had not disclosed to them a latent defect in the property and that Sasine had negligently created the condition which caused flooding. In particular, the Pankowskys stated that Sasine did not tell them the house would flood if the grate over a drain in the backyard was not kept free of leaves and debris. In August 1993, during a very heavy rain storm, the grate became covered with debris and the house flooded until a neighbor cleared the grate.

Subsequently, Sasine moved for summary judgment asserting that there was no justifiable reliance because the Pankowskys had retained an inspector who examined the entire property, including the drain, and they relied upon his inspection and not anything said by Sasine. Further, Sasine stated he had informed the Pankowskys that they had to keep a drain in the backyard clear of leaves and trash. On the negligence claim, Sasine maintained that he could not be liable to the Pankowskys because he owed them no duty and because he was not a builder.

The record shows that before buying the house, the Pankowskys hired an independent house inspector to inspect the premises, including the drainage system. The Pankowskys testified at deposition that the inspector was hired so that they would know if the house was suitable for purchase, and that flooding was one thing which concerned them. The inspector found no defects, and told the Pankowskys that the house had an excellent drainage system. The record further shows that at the time the inspector made the comment about the drainage system, Sasine told the Pankowskys to keep the grate area clean after heavy rains. Later, Sasine volunteered to remove the grate over the drain. Susan Pankowsky, however, told him to leave the grate because she was worried that her young child might crawl into the drain.

After the trial court granted summary judgment on both counts of the complaint, this appeal followed. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. It is important to understand the exact nature of the defect the Pankowskys claim. This is not a case claiming a hidden defect within the drainage system; nor is it a case in which the drainage system was inadequate to drain the property. Instead, the defect claimed is that Sasine failed to disclose that unless the grate to the drain was kept free of debris the drain would not function properly. As this is a condition known to anyone familiar with any type drains, including those in bathtubs, showers, wash basins and sinks, it is hard to credit the Pankowskys' assertion that they were unaware that debris on the grate could cause a flooding problem, and, thus, to believe reasonably that this defect was not apparent to them. See *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141), aff'd 239 Ga. 31 (235 SE2d 532).

Nevertheless, to establish a cause of action for fraud, the Pankowskys were required to establish five elements: (1) a false representation made by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Butler v. Terminix Intl.*, 175 Ga. App. 816, 817 (334 SE2d 865). For the Pankowskys to prevail on Sasine's motion for summary judgment, the record must disclose evidence creating a genuine issue of fact on each of the elements stated above. *Lau's Corp. v. Haskins*, supra.

Under the circumstances of this case, summary judgment was properly granted because the Pankowskys failed to show that genuine issues of fact existed on elements 1, 2, and 4 of the elements necessary to prove actionable fraud. There is no evidence that Sasine concealed or misrepresented a problem with the drain. When the Pankowskys' inspector told them the property had an excellent drainage system, Sasine added advice that the grate must be cleared of debris after heavy rains. Although it is true that the property once flooded because the cover/grate on the drain at that time was inadequate, after that instance, Sasine put on a grate with wider openings and there is no evidence that Sasine knew the new grate was not adequate to prevent further flooding. Moreover, the record shows evidence that prior to the time Sasine moved out of the home he discussed the grate with Mrs. Pankowsky and offered to remove the grate, but Mrs. Pankowsky asked him not to do so because she was concerned that her child would fall into the drain. Additionally, we find no evidence that the Pankowskys relied upon any representation by Sasine. The record is clear that they hired an inspector to examine the property and report to them on its condition.

Accordingly, the trial court did not err by granting summary judgment to Sasine on this claim. *Bennett v. Clark*, 192 Ga. App. 698, 699 (385 SE2d 780).

3. We also find the trial court did not err by granting summary judgment to Sasine on the Pankowskys' negligence claim. Sasine was

not a builder/seller (see *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9); *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919)) and we do not find the additions Sasine made to the house sufficient to create liability under this theory. *Swiedler v. Ferguson*, 195 Ga. App. 364, 365 (393 SE2d 456).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 3, 1995.

*Warren R. Hinds*, for appellants.
*Carol D. Sweet, Stephen J. Sasine*, for appellee.