S97A0912. MOSQUITO CREEK FARMS, INC. v. WHIGAM.
(491 SE2d 359)

SEARS, Justice.

Pursuant to a written contract, the appellant, Mosquito Creek Farms, Inc. (hereinafter "MCF"), executed a warranty deed and conveyed 100 acres of land to the appellee, Lock Wood Whigam III. A specific peanut allotment had been assigned to the 100 acres, but neither the written contract nor the deed mentioned the allotment. The issue raised by this appeal is whether MCF can enforce an oral agreement that MCF alleges the parties entered at the time of the sale that effectively would have reserved part of the allotment for MCF. The trial court ruled that the alleged oral agreement could not be enforced, and granted summary judgment to Whigam. We affirm. Because the deed in question passed title to the 100 acres in fee simple, and because the 100 acres had been assigned a peanut allotment, the rule is that the peanut allotment passed with the farm under the deed.[1] Because the alleged prior oral agreement would contradict Whigam's title by altering the peanut allotment that he would be entitled to under the deed, the trial court correctly ruled that the alleged oral agreement is unenforceable.[2]

*Judgment affirmed. All the Justices concur.*

---

[1] See *Combustion Engineering v. Norris*, 246 Ga. 413, 415-416 (271 SE2d 813) (1980); *Lindsey v. Federal Deposit Ins. Corp.*, 960 F2d 567, 570-571 (5th Cir. 1992).

[2] See *Holmes v. Worthey*, 159 Ga. App. 262, 266-267 (282 SE2d 919) (1981), aff'd 249 Ga. 104 ( 287 SE2d 9) (1982); *Great American Builders v. Howard*, 207 Ga. App. 236, 240 (2) (427 SE2d 588) (1993).

DECIDED OCTOBER 6, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*Walter E. Baker,* for appellant.
*Walters, Davis & Pujadas, Thomas E. Pujadas,* for appellee.

