S08G1958. CENDANT MOBILITY FINANCIAL CORPORATION
v. ASUAMAH.
(684 SE2d 617)

BENHAM, Justice.

We granted the petition for a writ of certiorari filed by Cendant Mobility Financial Corporation ("Cendant") to determine whether the Court of Appeals erred when it held in *Asuamah v. Haley*, 293 Ga. App. 112 (4) (b) (666 SE2d 426) (2008) that the doctrine of caveat

emptor did not bar a homeowner's claim of negligent repair against the entity from which the homeowner had purchased the home, when the seller was not the builder of the home. We reverse the judgment of the Court of Appeals for the reasons that follow.

Appellant Cendant is a company that manages employee relocation benefits, including the sale of a relocated employee's home. Appellee Udeme Asuamah bought a townhome from Cendant in June 2005 and discovered water-related problems when she moved into the home a month later. Asuamah brought suit against Cendant and others, asserting, among other claims, that Cendant negligently repaired the townhome by accepting the work done by an independent contractor prior to Asuamah's purchase. The trial court granted summary judgment to Cendant and its co-defendants, and the Court of Appeals affirmed the grant of summary judgment on all claims save that which alleged negligent repair on the part of Cendant. *Asuamah v. Haley*, supra.

In its opinion (293 Ga. App. at 125), the Court of Appeals recognized that caveat emptor is the general rule in a sale of real property and that an exception to the general rule exists when a home builder is the seller of a home. See *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9) (1982), affirming *Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919) (1981). The Court of Appeals acknowledged that a seller of a house who had not built the house had never been held liable for negligent repair, but determined it had "left the door open" to such an outcome in *Swiedler v. Ferguson*, 195 Ga. App. 364 (393 SE2d 456) (1990). *Asuamah v. Haley*, supra, 293 Ga. App. at 125. The appellate court then walked through that open door and extended the exception to caveat emptor to cover Cendant, a seller of the townhome but not its builder, reasoning that "it could be argued that Cendant was 'in a superior position to know of or discover latent defects which it created, and which the buyer could not reasonably discover.' [*Swiedler v. Ferguson*, supra, 195 Ga. App. at 365]." (Punctuation omitted.) *Asuamah v. Haley*, supra, 293 Ga. App. at 126. We granted Cendant's petition for a writ of certiorari because we were particularly concerned with the Court of Appeals's extension of the *Worthey* exception to caveat emptor to hold a non-builder/seller liable in negligence for latent construction/repair defects.

Caveat emptor ("Let the buyer beware") is a common-law doctrine which serves as the general rule with regard to the purchase of realty. The long-standing recognition of the existence of an exception to the application of caveat emptor where the seller's fraud induced a purchaser of realty to buy the land (see *Manget v. Cunningham*, 166 Ga. 71 (2) (d) (142 SE 543) (1928)) makes caveat emptor unavailable as a defense to a seller, whether a builder or

non-builder, when the seller engages in fraud, whether it be "active fraud"[1] or "passive concealment fraud."[2] Thus, where the seller of a house knows the house has serious defects and fails to disclose the defects to the buyer who is unaware of the defects and could not have discovered them in the exercise of due diligence, the suppression of the facts constitutes fraud to which caveat emptor is not a viable defense. *Wilhite v. Mays*, 239 Ga. 31, 32 (235 SE2d 532) (1977). The trial court's grant of summary judgment to seller Cendant on the purchaser's claim of fraud was affirmed by the Court of Appeals. *Asuamah v. Haley*, supra, 293 Ga. App. at 121-122.

As the Court of Appeals noted, an exception to the applicability of caveat emptor as a defense in a negligent construction action against the builder/seller of a dwelling was announced in *Holmes v. Worthey*, supra, 159 Ga. App. at 272. In that case, a homeowner filed suit against the builder/seller of the home for damages allegedly resulting from defective construction of the house and, rather than alleging fraud, sought damages for breach of contract and negligence. After an extensive overview of the interplay between caveat emptor and negligence and noting the existence of actions for negligence against manufacturers and independent contractors, the Court of Appeals ruled that the homeowner's complaint alleging negligence on the part of the builder/seller stated a cause of action inasmuch as there was "no good reason for exalting the builder-seller of houses above manufacturers or other builders. . . ." Id. at 270. In so doing, the Court of Appeals carved out an exception to the application of caveat emptor to a negligence action against the builder/seller of a dwelling affixed to real estate: "where a dwelling is sold containing latent defects which the builder in the exercise of ordinary care knew or should have known and which the buyer could not have reasonably discovered in the exercise of ordinary care[,] . . . [i]t is only right . . . that the builder should be liable in negligence." Id. at 272. This Court affirmed the judgment of the Court of Appeals. *Worthey v. Holmes*, supra, 249 Ga. at 105 (2).

In the case at bar, the purchaser alleged negligence on the part of the non-builder/seller with regard to repairs done to the home. The Court of Appeals acknowledged in its decision in this case (293 Ga. App. at 125, n. 39) that the "negligent construction" exception

---

[1] "[W]here the seller by words or acts positively misrepresents a fact [or] there exists a situation of active concealment, where the seller does not discuss the defect in issue, but takes steps to prevent its discovery by the prospective buyer." *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141) (1976), aff'd, 239 Ga. 31 (235 SE2d 532) (1977).

[2] "[T]he situation where the seller knows of a material defect [and] does not attempt to hide the problem from the prospective buyer and he does not prevaricate. He simply keeps his mouth shut." *Wilhite v. Mays*, supra, 140 Ga. App. at 817, aff'd, 239 Ga. 31.

to the application of caveat emptor has been limited to builder/sellers. See *Pankowsky v. Sasine*, 218 Ga. App. 646 (3) (462 SE2d 791) (1995) (where the Court of Appeals upheld the grant of summary judgment to the seller of a home on the purchasers' negligence claim on the ground that the seller was not a builder/seller); and *Stancliff v. Brown & Webb Builders*, 254 Ga. App. 224 (561 SE2d 438) (2002) (where the Court of Appeals held that a subsequent purchaser of a home could sue the builder/seller for negligent construction). The appellate court, however, reiterated the observation it had made in *Swiedler v. Ferguson*, supra, 195 Ga. App. 364, that its decision in *Holmes v. Worthey* "had left the door open for negligence claims against non-builder/sellers" because *Holmes* " 'did not hold, or mean to hold, that *only* a builder-seller may be held accountable for negligence in the sale of a house or building.' [*Swiedler v. Ferguson*, supra, 195 Ga. App. at 365]." *Asuamah v. Haley*, supra, 293 Ga. App. at 125.

Whether the decision in *Worthey* of either the Court of Appeals or this Court was equivocal on the subject is pretermitted by the accurate observation in *Swiedler* that it is not prudent to extend the liability imposed on builder/sellers in *Worthey* to homeowner/sellers who did not build the dwelling being sold. 195 Ga. App. at 365. As the Court of Appeals stated in *Swiedler*, caveat emptor

> applies to protect the mass of homeowners who, without being culpable of any fraud or deception or even "passive concealment" [cit.] might nevertheless find themselves, and the housing market, vexed to economic death by lawsuits by every purchaser of a house who discovers a defect which he believes the previous homeowner should have discovered and revealed. There is probably no such thing as a perfect house [and] to hold the homeowner liable for any such defect would be to hold all homeowners liable for every flaw and defect, when in fact the purchaser knows or is placed upon reasonable notice that the house is not new and, almost certainly, not perfect.

*Swiedler v. Ferguson*, supra, 195 Ga. App. at 365-366. In the case at bar, there being no fraud or breach of contract (the Court of Appeals having affirmed the grant of summary judgment on these claims), it is "inappropriate to found a cause for negligence on mere defective or inadequate conditions in a 'used' house, about which the buyer was not overtly or passively misled. Caveat emptor is still the general

rule." Id. at 366.[3]

To dispel any doubt, we hold that the "negligent construction" exception to caveat emptor exempts from the defense of caveat emptor only a negligence claim by a homeowner seeking recovery against the builder/seller of the home for latent building construction defects about which the purchaser/homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder/seller or in the exercise of ordinary care would have been discovered by the builder/seller. *Worthey v. Holmes*, supra, 249 Ga. at 106. Inasmuch as Cendant is not a builder/seller of the dwelling purchased by Asuamah, the trial court did not err when it granted summary judgment to Cendant. Accordingly, the judgment of the Court of Appeals reversing the judgment of the trial court is reversed.

*Judgment reversed. All the Justices concur.*

### DECIDED OCTOBER 5, 2009.

*Scoggins & Goodman, David L. Rusnak, Weissman, Nowack, Curry & Wilco, Ned Blumenthal, John G. Nelson, Raymond S. Martin, Scott H. Michalove*, for appellant.
*Leon A. Van Gelderen*, for appellee.

---

[3] In its opinion in *Holmes v. Worthey*, 159 Ga. App. at 264, the Court of Appeals cited *Whiten v. Orr Constr. Co.*, 109 Ga. App. 267, 269 (136 SE2d 136) (1964), as holding that a homeowner has a remedy against the builder/seller upon a showing of an "imminently dangerous condition." That case, in which a homeowner sued the builder/seller of the home for negligence and nuisance, did not create a new cause of action; rather, it held that a purchaser's action for damages against the vendor for concealing a defect the builder/seller knew of and which an ordinary prudent examination would not have discovered, stated an action for fraud rather than for negligence and nuisance.