A08A0210. ASUAMAH v. CENDANT MOBILITY FINANCIAL CORPORATION.
(690 SE2d 861)

MIKELL, Judge.
In *Cendant Mobility Financial Corp. v. Asuamah*,[1] the Supreme Court reversed Division 4 (b) of our decision in *Asuamah v. Haley*,[2] in which we held that the trial court erred in granting summary judgment to Cendant, the non-builder/seller, on the plaintiff/

purchaser's claim of negligent repairs.[3] In reversing, the Supreme Court concluded that

> the "negligent construction" exception to caveat emptor exempts from the defense of caveat emptor only a negligence claim by a homeowner seeking recovery against the builder/seller of the home for latent building construction defects about which the purchaser/homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder/seller or in the exercise of ordinary care would have been discovered by the builder/seller. Inasmuch as Cendant is not a builder/seller of the dwelling purchased by Asuamah, the trial court did not err when it granted summary judgment to Cendant.[4]

Accordingly, we vacate Division 4 (b) of our opinion, adopt the judgment of the Supreme Court as our own, and affirm the judgment of the trial court. Divisions 1 through 4 (a) and Division 5 of our opinion were not affected by the Supreme Court's decision and thus remain in effect.[5]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 7, 2010.

*Leon A. Van Gelderen*, for appellant.
*Scoggins & Goodman, David L. Rusnak, Scott H. Michalove*, for appellee.

---

[3] Id. at 124-126 (4) (b).
[4] (Citation omitted.) Id. at 822.
[5] See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001).