**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 20, 2013**

# In the Court of Appeals of Georgia

A13A1210. SECURITY REAL ESTATE SERVICES, INC. v.
FIRST BANK OF DALTON.

RAY, Judge.

Security Real Estate Services, Inc. ("SRES") appeals from the trial court's

denial of its motion for summary judgment on First Bank of Dalton's ("First Bank")

request for attorney fees and expenses of litigation pursuant to OCGA § 13-6-11. For

the following reasons, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact

and the movant is entitled to judgment as a matter of law. We review the grant of

summary judgment de novo, construing the evidence in favor of the nonmovant."

(Citation and punctuation omitted.) *Secured Realty Investment v. Bank of North Ga.*,

314 Ga. App. 628, 628 (725 SE2d 336) (2012).

This case is related to another appeal before this Court, *First Bank of Dalton v. Security Real Estate Services* (Case No. A13A1209), in which we affirmed the trial court's grant of summary judgment to SRES on First Bank's claims of breach of contract and negligence pursuant to Court of Appeals Rule 36. In the instant appeal, SRES argues that because First Bank was awarded no damages in Case No. A13A1209, SRES is entitled to summary judgment as a matter of law on First Bank's bid for attorney fees and expenses pursuant to OCGA § 13-6-11.[1] We agree.

OCGA § 13-6-11 provides that "[t]he expenses of litigation generally shall not be allowed as *part of the damages*; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." (Emphasis supplied.)

This Court has consistenly found that "[a]ttorney fees are not recoverable under OCGA § 13-6-11 where there is no award of damages or other relief on any underlying claim." (Footnote omitted.) *4WD Parts Center, Inc. v. Mackendrick*, 260 Ga. App. 340, 345 (2) (b) (579 SE2d 772) (2003). "The expenses of litigation recoverable pursuant to OCGA § 13-6-11 are ancillary and may only be recovered

---

[1] First Bank did not file an appellate brief in the instant appeal.

where other elements of damage are also recoverable." (Citation and punctuation omitted.) *Cabrel v. Lum*, 289 Ga. 233, 240 (6) (710 SE2d 810) (2011). Because First Bank is not entitled to attorney fees and expenses under OCGA § 13-6-11 as a matter of law, the trial court erred in denying SRES's motion for summary judgment on this count.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*